EPIFANIO GUTIÉRREZ VÉLEZ, Plaintiff and Appellant, v. FÉLIX MONCLOVA, MAYOR OF TOA ALTA, Defendant and Appellee.

No. 4231. Argued March 21, 1929.—Decided July 16, 1929.

*C. del Toro Fernández* for the appellant.   *J. Valldejuli Rodríguez* for the appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

The mayor of Toa Alta charged the auditor-secretary of the municipality with altering an official record and publicly living in concubinage. The action of the mayor was due to a complaint from Dr. A. Crescioni.

The mayor set a day for hearing the auditor-secretary. In the meantime he went on receiving certain affidavits in connection with the charges. On the day set the secretary appeared assisted by counsel, who requested to be allowed to examine the official evidence. The mayor refused and told the secretary to proceed with his defense. The attorney objected and withdrew with his client. Without further proceedings the mayor declared both charges proved and removed the secretary.

The latter then appealed to the district court where a full trial of the case was held; the transcript of the evidence, alone, covers more than one hundred and forty pages.

The court admitted the irregularity of the proceedings before the mayor and, deciding the case on its merits from the evidence introduced, it held the first charge to have been

proved, dismissed the second, and sustained the removal without special pronouncement of costs.

Thereupon the secretary appealed to this court. He alleges that the decision of the district court is contrary to the law and the evidence.

The brief contains a minute analysis of the evidence and, really, if the trial judge had reached an opposite conclusion we would not have disturbed it. But he, who heard the witnesses while testifying and examined the original documents introduced in evidence, decided the conflict against the secretary, and as it has not been shown that the judge was moved by passion, prejudice or bias or that he committed manifest error, his decision must be upheld.

Once the charge had been proved the removal was entirely proper. A municipal secretary who in drawing up the minutes of a meeting of the assembly adds thereto a statement that a certain appointment made was temporary whereas he knew that it was permanent, can not complain if he is removed from office, even though the initial proceedings therefor were not entirely in conformity with the law.

This last consideration leads us to discuss an interesting question involved in the case.

Section 29 of the Municipal Law as amended by Act No. 92 of 1925, reads in part as follows:

"The mayor, with the consent of the municipal assembly, shall appoint the director of charities, the treasurer, the school director, the director of public works, the auditor and the secretary, and these officers shall discharge the duties of the offices for the term for which they were appointed by the mayor, or to which they were elected or appointed, or until their substitutes shall have been appointed, unless they shall have been removed for just cause. In case the assembly rejects the appointments submitted by the mayor, it shall set forth the reason therefor and shall return the said appointments to the mayor, with its objections thereto. If the mayor insists on the said appointments, or if the assembly adjourns without taking action on the said appointments transmitted by the mayor, the latter shall immediately submit the question to the Governor, who shall decide

within thirty days, by sustaining the appointments made by the mayor or the opposition made by the assembly. He shall also appoint all other municipal officials and employees under his immediate direction, and may, for just cause, after a hearing and giving an opportunity for defense, remove all officers and employees; *Provided,* That where charges are made against an official or employee, he shall stand suspended from office and salary until a decision is rendered on the charges preferred against him by the mayor; but when the accused is an officer, he may appeal from the decision of the mayor before a district court of competent jurisdiction within ten days after the notification.

"The appeal shall be made in writing, addressed to the court, which shall notify the mayor, and the trial shall be held within a term of two months after the presentation of the appeal in writing, the court hearing in regular form, the evidence necessary to decide the controversy; . . . ."

In its statement of the case and opinion, the district court construed as follows the nature of the remedy of review available to the removed officer:

"At the hearing held on December 16, 1926, the mayor ruled that the secretary must forthwith produce the evidence for his own defense, without waiting for the adverse evidence to be introduced. Such procedure was clearly irregular, and although the mayor was authorized to decide as to the existence of a just cause for removal, the witnesses for the prosecution, whose affidavits were in the possession of the mayor, should have first appeared to be examined in the presence of the secretary and to give him an opportunity for cross-examination, before he was compelled to offer his evidence. However, as the secretary appealed from the decision of the mayor to this court, which substitutes the mayor in judging of the existence of such just cause, and the case was tried *de novo,* it is unnecessary to consider any error of procedure which may have been committed at such hearing. The law merely empowers the court to 'hear in regular form the evidence necessary and decide the controversy.' "

We think that this broad view expressed by the district judge in considering that an appeal from such removal proceedings requires a trial *de novo* secures to all municipal officers the right not to be unjustly removed from their offices, and this construction of the law is approved. A trial *de novo*

having been held, it is evident that any error of procedure which might have been committed at the hearing before the mayor is of no importance.

The judgment appealed from must be affirmed.